**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMSIDDIN ABDUR-RAHEEM, | |
| Plaintiff, | Civil Action No. 18-4259 (MAS) (LHG) |
| v. | **MEMORANDUM AND ORDER** |
| GARY M. LANIGAN, et al., | |
| Defendants. | |

Plaintiff is proceeding, in forma pauperis, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons stated below, the Court allows the retaliation claim to proceed and dismisses all other claims in the Complaint.

**I.    DISCUSSION**

The Complaint primarily asserts that Defendants unconstitutionally retaliated against Plaintiff due to his filing of lawsuits and grievances against the state defendants in the past. Specifically, Plaintiff alleges that he was retaliated against through: (1) repeated, unwarranted searches of his prison cell and unjustified confiscation of his personal property; and (2) issuance of fabricated prison disciplinary charges. Plaintiff also asserts that his constitutional rights were violated when Defendant Michael Capadanno confiscated his prison grievances.

A.  **Property Claim**

To the extent Plaintiff asserts property claims against Defendants for the alleged unjustified confiscation of his personal property, "[i]ntentional and negligent deprivations of property do not violate due process if meaningful post-deprivation remedies for the loss are available." *Pressley v. Huber*, 562 F. App'x 67, 69-70 (3d Cir. 2014). The Third Circuit has already held that such meaningful post-deprivation remedies exist in New Jersey. *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 139 (3d Cir. 2010) ("[Petitioner] cannot prevail on his due process claim if the state's post-deprivation procedures, including state tort remedies, are adequate. He has failed to explain why New Jersey's state procedures to recover wrongfully seized property, such as the ability to move in the criminal action for return of his property or the ability to file a separate action for a writ of replevin, are insufficient."). As such, any property claims in the Complaint are dismissed.

B.  **False Disciplinary Charges Claim**

To the extent the Complaint asserts that Plaintiff was falsely disciplined through fabricated charges, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. In *Wilkinson v. Dotson*, the Supreme Court further clarified its *Heck* holding, finding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily

2

demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81-82 (2005). Unless and until Plaintiff can invalidate the prison disciplinary decisions that subjected him to punishment, he cannot raise § 1983 claims alleging that the charges were fabricated.

### C. Procedural Due Process Claim

Plaintiff also raises a related procedural due process claim regarding his disciplinary proceedings, alleging that he was denied due process because Defendants: (1) did not allow him to confront witnesses; and (2) did not allow him to use a polygraph examination to prove his innocence.

In *Wolff v. McDonnell*, the Supreme Court held that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. 539, 566 (1974); *see Drabovskiy v. Allenwood*, 597 F. App'x 47, 49 (3d Cir. 2015). While Plaintiff's claim based on the lack of opportunity to confront his witnesses may be valid under *Wolff*, the claim nevertheless fails because the Complaint also alleges that Plaintiff appealed his disciplinary decision in state court and the appellate court remanded the matter to the prison to hold a new hearing specifically because of this defect. (Compl. ¶ 42.)

Furthermore, Plaintiff concedes that he was allowed to confront his witnesses at the new hearing. (*Id.* ¶ 44.) Thus, there was no procedural due process violation because Plaintiff, in fact, received the proper procedural protection—the state process worked as intended. *See Brightwell v. Lehman*, No. 03-205J, 2006 WL 931702, at *6 (W.D. Pa. Apr. 10, 2006) ("[N]o due process violation where initial hearing was defective because the appeal process 'constituted part of the due process [the plaintiff] received, and it cured the alleged due process violation based on the ISP disciplinary committee's initial decision to sanction [the plaintiff].'" (quoting *Wycoff v. Nichols*,

3

94 F.3d 1187, 1189 (8th Cir. 1996)); *see also Wilkinson v. Austin*, 545 U.S. 209, 225-27 (2005) (finding that the adequacy of procedural protection takes into consideration any "additional or alternative procedural safeguards").

With regard to the denial of a polygraph examination, "failure to administer a polygraph examination in plaintiff's prison disciplinary hearing does not give rise to a constitutional violation." *Counterman v. Fauver*, No. 83-4839, 1989 WL 200954, at *6 (D.N.J. Nov. 24, 1989); *see Younger v. Saffle*, 153 F.3d 730 (5th Cir. 1998) (finding the plaintiff's argument that he "has a constitutionally guaranteed right to demand that he and all witnesses in a prison disciplinary proceeding be subjected to a polygraph examination," in essence, "stretches credulity, challenges traditional concepts of justiciability, and teeters on the brink of frivolity"). Accordingly, to the extent the Complaint raises procedural due process claims, those claims are dismissed.

### D. Confiscation Claim

The Court dismisses the confiscation claim against Defendant Capadanno. The Complaint alleges that because Plaintiff did not receive postage remit receipts from Capadanno, nor did he receive a response to those grievances, Capadanno must have confiscated his prison grievances without mailing them. (Compl. ¶ 24.) Even assuming that confiscation of a prisoner's grievances is a constitutional violation, Plaintiff's factual allegations are simply too speculative to state a claim—without more, the Court cannot find plausible that the lack of response was the result of any confiscation, let alone confiscation by Capadanno. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

4

E.  **State Tort Law Claims**

Plaintiff's state law tort claims are dismissed. Under the New Jersey Tort Claims Act ("NJTCA"), when asserting a state tort claim against a public entity or a public employee, a plaintiff must give notice of the claim within ninety days after the cause of action has accrued. *See* N.J.S.A. § 59:8-8; *Konah v. City of Newark*, No. L-962-10, 2011 WL 1598957, at *2 (N.J. Sup. Ct. App. Div. Apr. 29, 2011); *Brown v. Twp. of Neptune*, No. 11-7162, 2014 WL 3517776, at *7 (D.N.J. July 15, 2014). This notice requirement applies to common law intentional tort claims, *Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 343 (App. Div. 2004), as well as negligent conduct, *Velez v. City of Jersey City*, 180 N.J. 284, 292-93 (2004). This ninety-day notice period may be extended by a court upon a finding of "sufficient reasons constituting extraordinary circumstances for [the plaintiff's] failure to file notice of claim within the period of time prescribed," but only if the plaintiff files a late notice "within one year after the accrual of his claim[.]" N.J.S.A. § 59:8-9; *see Slater v. Hardin*, No. L-8574-09, 2014 WL 923337, at *5 (N.J. Sup. Ct. App. Div. Mar. 11, 2014). Plaintiffs who do not comply with this requirement are "forever barred" from recovering on their claims. *See* N.J.S.A. § 59:8-8. Notice is important because it provides state agencies the "opportunity to investigate the claims, and take disciplinary or other appropriate action to rectify inappropriate behavior or flawed practices[.]" *Mawhinney v. Francesco*, No. 08-3317, 2010 WL 2557713, at *9 (D.N.J. June 22, 2010) (quoting *Velez*, 180 N.J. at 293). Failure to file a notice of claim is a ground for dismissal at the motion to dismiss stage. *See William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. Sup. Ct. App. Div. Oct. 24, 2014).

Here, because Plaintiff claims relief under state law, he must follow established state procedures. *See Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) ("The District Court [] properly recognized that [the plaintiff] did not follow the proper procedure for bringing a [state

law] claim . . . as required by state law."). There is no allegation in the Complaint that Plaintiff filed the required notice of claims. Under New Jersey law, Plaintiff is required to file the notice of claims before he *initiates* any state law tort action against Defendants. *See* N.J.S.A. § 59:8-3. As such, Plaintiff must demonstrate that, at the time he filed the Complaint, such notice of claims had already been served. *See Ptaszynski*, 371 N.J. Super. at 343 (holding that the notice requirement under the Tort Claims Act is a jurisdictional precondition to filing suit). No such demonstration has been made in the Complaint. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . the grounds for the court's jurisdiction[.]"). Because there is no allegation that a notice of claims has been filed with Defendants, Plaintiff has failed to establish, under Rule 8, that this Court has jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's state law claims are dismissed for lack of jurisdiction. *See Bethea v. Roizman*, No. 11-254, 2012 WL 2500592, at *7 (D.N.J. June 27, 2012) (dismissing plaintiff's state law tort claims for failure to plead compliance with the notice requirement under the Tort Claims Act).

### F. Remaining Defendants

Lastly, because the Court only allows the retaliation claim to proceed, and because only Defendants Wesley Gorman, Andrew Brodzinski, Christopher Anfuso, Frederick Galileo, and Michael Capadanno are alleged to be involved in the retaliatory acts, all other named defendants are dismissed from the case.

## II. ORDER

Based on the foregoing, and for good cause shown,

**IT IS** on this 9th day of April 2019,

**ORDERED** that Plaintiff's retaliation claim is permitted to proceed past 28 U.S.C. § 1915 screening;

**ORDERED** that all other claims are hereby **DISMISSED**, and all named defendants other than Defendants Wesley Gorman, Andrew Brodzinski, Christopher Anfuso, Frederick Galileo, and Michael Capadanno are hereby **DISMISSED**;

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon Defendants, with all costs of service advanced by the United States[1];

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, see Fed. R. Civ. P. 12(a)(1)(A);

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address, and (2) file a Certificate of Service.[2]

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

7